GEORGE H. HANDY, M.D., State Health Officer
You have requested my opinion whether an alien is eligible for a manager's license in cosmetology in the event his training was in a foreign country which had no citizenship requirement for training or practice as a cosmetologist.
It is well established that aliens, who are lawful residents of a state, enjoy equal protection or the law under the *Page 281 Fourteenth Amendment of the United States Constitution.Truax v. Raich, 239 U.S. 33, 60 L.ed. 131, 36 S.Ct. 7. Accordingly, laws denying aliens the right to obtain licenses to earn their livelihood are generally invalid. For this reason, a statute prohibiting the issuance of a barber's license to an alien was struck down in Templar v. State Examiners, 131 Mich. 251,90 N.W. 1058, 39 A.L.R. 351.
The Wisconsin Legislature has recognized the right of an alien to secure a manager's license in the field of cosmetology under sec. 159.08 (6), Stats., which reads as follows:
"Any cosmetologist registered or licensed under the laws of another state or territory of the United States or of a foreign country or province, who can provide evidence satisfactory to the department that he has met requirements substantially comparable to the requirements of this state may be licensed as follows:
"* * *
"(b) As a manager upon satisfactorily passing an examination conducted by the department to determine his fitness to practice as a manager or upon providing evidence satisfactory to the department of having practiced as a manager for 4 years during a 6-year period immediately prior to application for license in this state and satisfactorily passing an examination on the law and rules governing cosmetology in this state."
In light of the foregoing language, it is clear that United States citizenship is not necessary to acquire a manager's license. To hold otherwise would render the statute meaningless. In this connection it might be noted that it takes five years of residence in the United States before a petition may be filed to become a citizen. 8 U.S.C. § 1427 (a).
The question now arises as to whether any regard should be given to citizenship requirements of a foreign country where the alien received his training and became licensed or registered as a cosmetologist. In view of the background information set forth above, this question must be answered negatively. Such a requirement has no reasonable relationship to health, safety, morals or public welfare. It smacks *Page 282 
of an unconstitutional flavor by creating a purely artificial class of alien-cosmetologists which cannot be rationally justified.
In 55 OAG 233, one of my predecessors suggested that an alien seeking a manager's license under sec. 159.08 (6) (b), Stats., should produce satisfactory evidence that a citizenship requirement had been met in the country where he received his training or experience. This interpretation was based on the language of the statute to the effect that the applicant must meet requirements substantially comparable to the requirements of this State. No other basis was given for this interpretation.
I find no substantial distinction in terms of public health, safety, morals and welfare between an alien who received his training and experience in a country which required citizenship and one that did not. As previously suggested, where there is no sound basis for distinguishing between classes, a court will not uphold such legislative interpretations. 111 A.L.R. 770.
Accordingly, the term "substantially comparable" as used by the statute cannot be construed to impose a citizenship requirement upon an alien seeking a manager's license, but rather the term must be viewed as requiring comparable or equivalent training, a phrase used in sec. 148.03 (2), Stats., concerning the licensure of foreign physicians. The substance and purpose of a licensing law is of greater importance than form and language in the judicial interpretation or construction of it. 51 Am. Jur. 2d. Licenses andPermits, § 2.
Based on the foregoing, that portion of 55 OAG 233 relating to the question under discussion and contrary to the conclusions of this opinion is hereby overruled and withdrawn.
RWW:WLJ